UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAYMONT FRANCHISE SYSTEMS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 20-cv-04385<br>) Hon. Marvin E. Aspen |
| JANNAT PROPERTIES, LLC, et al., | )<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us are two motions to dismiss. First, Defendant Mohammed Hmeidan's motion to dismiss for lack of personal jurisdiction and "based on case facts submitted."[1] (Hmeidan's Motion to Dismiss ("Hmeidan's MTD")) (Dkt. No. 40)). Second, Defendant Safa Alghanem's motion to dismiss, which argues that her name was "wrongly added" to this action. (Motion Notifying Court ("Alghanem's MTD.") (Dkt. No. 37)). For the reasons that follow, both motions are denied.

**BACKGROUND**

The following facts are taken from the Complaint unless otherwise specified.

Plaintiff is a Delaware corporation with its principal place of business in Parsippany, New Jersey. (Complaint ("Compl.") (Dkt. No. 1) ¶ 1.) Jannat Properties, LLC ("Jannat") is a limited liability company organized and existing under the laws of Illinois, with its principal

---

[1] We construe, as Plaintiff did, Hmeidan's motion as a motion to dismiss "for lack of personal jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)." (Response to Hmeidan's MTD ("Resp.") (Dkt. No. 51) at 1.)

place of business at 4163 South Shore Drive, Mason, Ohio 45040. (*Id.* ¶ 2.)[2] Defendants Mohammed Hmeidan ("Hmeidan") and Safa Alghanem ("Alghanem")[3] are the constituent members of Jannat and are citizens of Ohio, who share the address at 4163 South Shore Drive, Mason, Ohio 45040. (*Id*. ¶¶ 3–5.)

On or about March 17, 2016, Plaintiff and Jannat entered a franchise agreement (the "Franchise Agreement") whereby Jannat agreed to operate a 68-room Baymont® guest lodging facility in Fairborn, Ohio, for a twenty-five-year term. (*Id*. ¶¶ 10, 12.) On or about that same date, Plaintiff and Jannat entered into a SynXis Subscription Agreement (the "SynXis Agreement"), which governed Jannat's access to and use of certain computer programs, applications, features, and services. (*Id.* ¶ 11.) Jannat also agreed to other terms under the Franchise Agreement and the SynXis Agreement, including the requirement that it make certain periodic payments to Plaintiff for royalties, system assessments, taxes, interest, SynXis fees, and other fees (the "Recurring Fees"). (*Id.* ¶ 13.)

In connection with the Franchise Agreement, Jannat, Hmeidan, and Alghanem made an Initial Fee Note in the amount of $21,000 (the "Note"). (*Id.* ¶ 23.) Additionally, effective as of the date of the Franchise Agreement, Hmeidan and Alghanem provided Plaintiff with a guaranty of Jannat's obligations under the Franchise Agreement (the "Guaranty"). (*Id.* ¶ 20.) Pursuant to the Guaranty, Hmeidan and Alghanem agreed to cover "each unpaid or unperformed obligation of [Jannat] under the [Franchise] Agreement." (*Id.* ¶ 21.)

---

[2] Hmeidan contends that Jannat "has been registered in the state of Ohio" and "was dissolved with the State of [Illinois]." (Hmeidan's MTD ¶ 1.)

[3] The parties spell Defendant Safa Alghanem's name inconsistently in the various motions and pleadings in this matter. Here, we spell her name as it appears in the case caption.

On or about March 15, 2018, Jannat terminated the Franchise Agreement by ceasing to operate the Baymont® facility. (*Id.* ¶ 26.) Plaintiff then demanded that Jannat pay $136,000 as liquidated damages for premature termination under the Franchise Agreement, as well as pay outstanding Recurring Fees and charges. (*Id.* ¶ 27.) On July 27, 2020, Plaintiff sued Defendants to recover damages for the alleged breach of the Franchise Agreement and Guaranty. (*See* Compl. ¶¶ 28–59.)

Plaintiff alleges that we have subject matter jurisdiction over this action under 28 U.S.C. § 1132, because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000. (*Id.* ¶ 6.) Plaintiff pleads that venue is proper in this District and that we have personal jurisdiction over Jannat by virtue of the forum-selection provision in section 17.6.3 of the Franchise Agreement, as amended by paragraph 2 of the Addendum to the Franchise Agreement Pursuant to Illinois Law (the "Addendum"):

> Section 17.6.3 of the Franchise Agreement is amended by providing that all litigation by or between you and us, arising directly or indirectly from the franchise relationship[] shall be commenced and maintained in the state courts of Illinois or the United States District Court for Illinois with the specific venue, in either court system, determined by appropriate jurisdiction and venue requirements.

(Addendum (Dkt. No. 1-1, Ex. A) ¶ 2); Compl. ¶¶ 7, 9.)

Plaintiff also alleges that we have personal jurisdiction over Hmeidan and Alghanem because Hmeidan and Alghanem acknowledged in the Guaranty that they were personally bound by section 17 of the Franchise Agreement. (Compl. ¶ 8.) The Guaranty states that Hmeidan and Alghanem guarantee Jannat's obligations under the Franchise Agreement "including any amendments will be punctually paid and performed," and that they "acknowledge that Section 17 of the Agreement, including Remedies, Venue, Dispute Resolution, and Waiver of Jury Trial, applies to this Guaranty." (Guaranty (Dkt. No. 1-1, Ex. C).)

3

**LEGAL STANDARD**

I.        **Hmeidan's Rule 12(b)(2) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(2) calls for dismissal where a court lacks personal jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). A complaint need not include facts alleging personal jurisdiction, but when a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating personal jurisdiction over the defendant. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In determining whether personal jurisdiction exists, we accept all well-pleaded allegations in the complaint as true. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). We may consider affidavits or other evidence in opposition to or in support of our exercise of jurisdiction. *Purdue Research*, 338 F.3d at 783. We resolve factual conflicts in the supporting materials in the plaintiff's favor. *Id.*

We "may not exercise personal jurisdiction over a nonconsenting, out-of-state defendant unless the defendant has 'certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *N. Grain Mktg.*, 743 F.3d at 492 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)); *Kohler Co. v. Kohler Intern., Ltd.*, 196 F. Supp. 2d 690, 696 (N.D. Ill. 2002). Simply contracting with a party based in Illinois is not enough to establish the required minimum contacts. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005). However, "personal jurisdiction is waivable" and "parties can, through forum selection clauses and the like, contract around" it. *Id.* (quoting *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1280 (7th Cir. 1997)). "Waiving objections to personal jurisdiction via a valid forum selection provision renders any examination of the defendant's contacts with

the forum state unnecessary." *LKQ Corp. v. Thrasher*, 785 F. Supp. 2d 737, 742 (N.D. Ill. 2011). "[A] valid forum-selection clause, even standing alone, can confer personal jurisdiction." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1292 n.4 (7th Cir. 1989) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 2182 n.14 (1985)).

**II.    Hmeidan's and Alghanem's Rule 12(b)(6) Motions to Dismiss**

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (internal citations omitted).

5

## ANALYSIS

I.  **Hmeidan's Rule 12(b)(2) Motion to Dismiss**

Hmeidan contends that Defendants lack minimum contacts with Illinois, because he is a resident of Ohio and because Jannat "has been registered in state of Ohio," has "not performed business in" Illinois, and "was dissolved with the State of [Illinois]." (Hmeidan's MTD ¶ 1.) While Hmeidan does not address the terms of the parties' agreements, Plaintiff points to the forum selection clause in section 17.6.3 of the Franchise Agreement, as amended by paragraph 2 of the Addendum and as incorporated by the Guaranty. (Compl. ¶¶ 7–8.) Therefore, our analysis rises and falls with whether the Franchise Agreement's forum selection clause establishes personal jurisdiction over Defendants who, absent that contract, might otherwise lack sufficient minimum contacts to establish personal jurisdiction.

We first consider the "threshold question of whether state or federal law governs the validity of forum selection clauses in diversity suits where jurisdiction would otherwise be unobtainable." *Playboy Enters. Int'l, Inc. v. Smartitan (Singapore) PTE Ltd.*, 804 F. Supp. 2d 730, 734 (N.D. Ill. 2011); *see also IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.,* 437 F.3d 606, 608 (7th Cir. 2006). We are guided by the Seventh Circuit's approach: "Prudence in this situation counsels us to reserve decision and instead consider how the [issue] would be decided under either view and hope that the result will be the same." *Id.* (quoting *IFC Credit Corp.,* 437 F.3d at 609); *see also Kamtel, Inc. v. Bore Tech Constr., LLC*, No. 16-cv-633, 2017 WL 532337, at *5 (W.D. Wis. Feb. 9, 2017) (explaining that the Seventh Circuit has "avoid[ed] deciding" whether federal or state law applies to forum selection clauses but concluding that the result in the case at bar was "the same under either standard").

Under federal law, a forum selection clause is treated "like any other contractual provision," and is deemed valid "unless it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract." *Nw. Nat'l Ins. Co. v. Donovan,* 916 F.2d 372, 375 (7th Cir. 1990); *see also Playboy Enters. Int'l, Inc.*, 804 F. Supp. 2d at 734; *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 590–95, 111 S. Ct. 1522, 1526–28 (1991) (holding as valid a forum selection clause that appeared on the back of a cruise ship ticket). Plaintiff cites *TruServ Corp.*, 419 F.3d at 589 (Resp. at 7–8), in opposition to Hmeidan's motion because, in that case, the Seventh Circuit found that the defendant was subject to personal jurisdiction in Illinois—despite having minimal contact with the state—because she executed a personal guaranty agreement with the plaintiff that included a valid forum selection clause. Based on the forum selection clause alone, the court found it had personal jurisdiction over the defendant. *Id.* at 589–90.

"Illinois law concerning the validity of forum selection clauses is materially the same as federal law," but, in application, "Illinois law on validity is more lenient toward the defendant than the federal law when there is a significant inequality of size or commercial sophistication between the parties." *IFC,* 437 F.3d at 611. Still, a forum selection clause is *prima facie* valid and should be enforced unless a party shows that enforcement would be unreasonable and "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Compass Envtl., Inc. v. Polu Kai Servs.,* 379 Ill. App. 3d 549, 554–55, 882 N.E.2d 1149, 1156 (1st Dist. 2008) (quoting *Calanca v. D & S Mfg. Co.,* 157 Ill. App. 3d 85, 87–88, 510 N.E.2d 21, 23 (1st Dist. 1987)). There is no indication that Defendants here did not freely enter into the Franchise Agreement and the Guaranty, or that they were unaware of the section 17.3.6 of the Franchise Agreement, paragraph 2 of the Addendum,

7

or the obligations of the Guaranty. Hmeidan offers no arguments as to why the forum selection provision should not be enforced or why it would be unjust for this action to proceed in Illinois, and seems simply to submit that he would prefer to litigate the matter in Ohio, because he and Jannat are based in Ohio. This preference does not nullify a valid forum selection clause. Under Illinois state law, the forum selection clause is enforceable.

We conclude that the forum selection clause is valid under both federal and state law. At this juncture, nothing on the record suggests that Defendants did not freely negotiate and bind themselves by the forum selection clause of the Franchise Agreement and Addendum, as incorporated by the Guaranty. (Compl. ¶ 7.) As discussed above, and as Plaintiff points out in its response to Hmeidan's motion (Resp. at 7), forum selection clauses can serve to waive objections over personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 472 n.14, 105 S. Ct. at 2182 n.14 ("[T]he personal jurisdiction requirement is a waivable right . . . Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' . . . their enforcement does not offend due process" (internal citations omitted)); *see also TruServ Corp.*, 419 F.3d at 589. Therefore, we need not analyze Defendants' contacts with Illinois, as we have personal jurisdiction over Defendants by virtue of the enforceable forum selection clause. We accordingly deny Hmeidan's motion to dismiss under Rule 12(b)(2).

## II.     Hmeidan's and Alghanem's Rule 12(b)(6) Motions to Dismiss

In addition to his personal jurisdiction argument, Hmeidan appears to make an argument that the Complaint should be dismissed for failure to state a claim, as he asks us to "[d]ismiss the case based on case facts" and states that he "den[ies] the charges" in the Complaint because "this matter was resolved with settlement offer and payment plan." (Hmeidan's MTD ¶¶ 2, 4.) Other

8

than his own say-so, Hmeidan has not offered anything in support of this argument for dismissal, and he does not directly dispute the specific allegations in the Complaint. Therefore, viewing the Complaint in the light most favorable to Plaintiff and accepting as true all well-pleaded facts, *see Tamayo*, 527 F.3d at 1081, Hmeidan's motion under Rule 12(b)(6) is denied.

In Alghanem's motion to dismiss, she contends that she submitted her motion to "inform" us that Plaintiff "wrongly added [her] name to this case" because she has "never participated with" Jannat or "any of its affiliates." (Alghanem's MTD at 1.) But Alghanem does not overcome Plaintiff's allegations that Alghanem is liable as a guarantor of Jannat's obligations under the Franchise Agreement. (Compl. ¶¶ 20–22.) The Complaint also alleges that, in connection with the execution of the Franchise Agreement, Jannat, Hmeidan, and Alghanem co-made the Note. (*Id.* ¶ 23.) We observe that Hmeidan's and Alghanem's signatures appear on the Franchise Agreement, the Addendum, the SynXis agreement, the Guaranty, and the Note, which are attached as exhibits to the Complaint. (Dkt. No. 1-1, Ex. A, at 27, 45; Dkt. No. 1-1, Ex. B at 12; Dkt. No. 1-1, Ex. C; Dkt. No. 1-1, Ex. D. at 2.) Plaintiff alleges that Jannat prematurely terminated the Franchise Agreement, triggering Hmeidan's and Alghanem's Guaranty obligations. (Compl. ¶¶ 26–27, 52–54.)

A guarantor's liability is determined from the guaranty contract, which is interpreted under the general rules of contract interpretation. *AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001); *Bank of Am. Nat'l Tr. & Savings Assoc. v. Schulson*, 305 Ill. App. 3d 941, 945, 714 N.E.2d 20, 24 (1st Dist. 1999). Where the terms of a guaranty are clear and unambiguous, they must be given effect as written. *Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 577 (7th Cir. 1995) (citing *Bank of Benton v. LaBuwi*, 194 Ill. App. 3d 489, 494–95, 551 N.E.2d 749, 753–54 (5th Dist. 1990)); *see also Fuller Family Holdings, LLC v. N. Tr. Co.*,

371 Ill. App. 3d 605, 620, 863 N.E.2d 743, 758 (1st Dist. 2007). That principle applies even where a guaranty contains broad statements of guarantor liability, including waivers of all defenses. *Chrysler Credit Corp.*, 63 F.3d at 577 (explaining that the principle that guaranties are interpreted in accordance with their clear and unambiguous meaning "applies with full vigor to waivers in a guaranty: When they are clear and unambiguous, Illinois courts consistently enforce them") (quoting *BA Mortg. & Int'l Realty Corp. v. Am. Nat'l Bank & Tr. Co.*, 706 F. Supp. 1364, 1376 (N.D. Ill. 1989)); *Chem. Bank v. Paul*, 244 Ill. App. 3d 772, 781, 614 N.E.2d 436, 441–42 (1st Dist. 1993).

Here, the Guaranty, and its express incorporation of section 17 of the Franchise Agreement, clearly and unambiguously provides for personal jurisdiction in the Northern District of Illinois. Neither Hmeidan nor Alghanem dispute that they executed the Franchise Agreement, the SynXis Agreement, the Note, and the Guaranty, nor do they argue that they did so under any misapprehension or duress. As explained above with respect with Hmeidan's motion, there is no indication that any of the contracts at issue here were the result of any kind of fraud or mistake. Accepting the facts in the Complaint as true, the claims against Hmeidan and Alghanem survive the pleading stage, and Alghanem's motion is denied.

## CONCLUSION

For the foregoing reasons, we deny Defendant Mohammed Hmeidan's motion to dismiss (Dkt. No. 40) and Defendant Safa Alghanem's motion to dismiss (Dkt. No. 37). Additionally, as we previously ordered, all parties wishing to proceed without counsel must file an appearance form for pro se litigants. (*See* Dkt. Nos. 54, 60.) It is so ordered.

                                                                                        _____
Honorable Marvin E. Aspen
United States District Judge

Dated: May 10, 2021
      Chicago, Illinois